## Case No. 15,193.

### UNITED STATES v. GAY.

[2 Gall. 359.] [1]

Circuit Court, D. Massachusetts. May Term, 1815.

RESISTING CUSTOMS OFFICER — PROBABLE CAUSE OF SEIZURE.

1. To justify a seizure, there must be probable cause of seizure, and if an officer of the customs seize without probable cause, no indictment on the statute of 2d of March 1799, c. 128, § 71 [1 Story's Laws, 633; 1 Stat. 678], lies for resisting him in the seizure. See The Invincible [Case No. 7,054], note.

[Cited in Averill v. Smith, 17 Wall. (84 U. S.) 93.]

2. What constitutes probable cause is, when the facts are given, a question of law.

This was an indictment for resisting one Johnson, an inspector of the customs, in attempting to seize two casks of merchandize and some other articles of trifling value. The casks had been brought from Vermont, and were deposited in the store of Gay, at Cambridgeport, a short distance from Boston, to which place they were destined. There appeared to have been no attempt at concealment, or opposition to search. The casks were accompanied by an invoice, on which was written a certificate or passport from the collector of the district of Vermont. This invoice was produced and shown to Johnson, and the marks and numbers in it corresponded with those on the casks. Gay informed Johnson, that the casks were to be transported to Boston, and there delivered to a person whose name and place of business he declared, and he offered that Johnson should accompany the merchandize, and ascertain at the custom-house the gen-

uineness of the signature of the collector of Vermont. This offer Johnson refused, and insisted upon a removal of the property to the custom-house in Boston. Gay, thereupon, placed the casks in a cart, they having before been rolled out from the store by Johnson, and sent them to Boston.

THE COURT called upon the district attorney to show, that, upon these facts, there was probable cause of seizure.

Dist. Atty. Blake contended, that the mere production of the invoice or passport did not bind the officer, who had no means of knowing whether it was genuine or not. That the merchandize, being on its way from Vermont, and such as must have been imported, might reasonably be presumed to have been imported from the British colonies, and as such to be liable to seizure.

But THE COURT were of opinion, that the facts were not such as to justify the officer in insisting upon a removal of the property to the custom-house in Boston, though it might have been reasonable, that the property should be placed in a neighboring store, until the genuineness of the certificate could be ascertained.

STORY, Circuit Justice, directed the jury as follows:

In order to maintain this indictment, it is necessary that the resistance or impediment to the inspector should be, while he was in the execution of the duties of his office. It is the duty of the inspector to make seizures of goods imported contrary to law, and if resisted in the act of making such seizure, or in securing the property seized, it is a case within the statute. But it is not the duty of the inspector to make any seizures at his arbitrary discretion. He cannot lawfully seize goods, which have been lawfully imported, or which are liable to no reasonable suspicion of illegal importation. To justify him, it is not necessary to show, that the goods were liable to condemnation; but there must, at all events, be a probable cause for the seizure. S. P., Rex v. Akers, 6 Esp. 125, note 126. Otherwise, the power of an inspector would be most arbitrary and mischievous. It is true, that the law vests him with a discretion; but it is a legal discretion; and he cannot protect himself, if he acts wantonly, and without probable cause, for he is then a mere trespasser, and not in the execution of the duties of his office. What constitutes probable cause for seizure is, when the facts are given, a mere question of law, on which the court ought to instruct the jury. It is not a mere question of fact, of which the jury are the sole judges; and, therefore, the court are bound to direct the jury, whether upon the facts, there be probable cause or not. In the present case, I am clearly of opinion, that there is no probable cause shown for the seizure: and that the defendant ought, upon this ground, to be acquitted.

Verdict for the defendant.

---

[1] [Reported by John Gallison, Esq.]